21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joe HOOVER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Buck SMITH, Defendant-Appellant.
 Nos. 93-5441, 93-5442.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 11, 1994.
Decided: April 22, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-92-524)
 Argued: Russell Doyle Ghent, Leatherwood, Walker, Todd & Mann, P.C., Spartanburg, SC, for Appellant Hoover.
 Howard William Paschal, Jr., Miller & Paschal, Greenville, SC, for Appellant Smith.
 David Calhoun Stephens, Asst. U.S. Atty., Greenville, SC, for Appellee.
 On brief: J. Preston Strom, Jr., U.S. Atty., Greenville, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This matter involves two related criminal cases in which the Defendants below entered pleas of guilty. Defendants/Appellants appeal on the grounds that the district court erred in denying a request for downward sentence adjustment for mental incapacity, and erred in denying a motion to withdraw a guilty plea. Finding no error in the proceedings below, we affirm.
 
 
 2
 In October, 1992, a federal grand jury for the District of South Carolina returned an indictment against Anthony Joe Hoover and Reginald Buck Smith, among others, charging them with a variety of drug and firearm offenses.
 
 
 3
 On January 4, 1993, Hoover entered and the court accepted his plea of guilty to two counts of the indictment in the United States District Court in Greenville. At that time the Court was advised of Hoover's diminished capacity.
 
 
 4
 Hoover's Presentence Investigation Report prepared by the United States Probation Office discussed at length Hoover's diminished cognitive abilities. The report stated that the defendant had significantly subaverage ability to make practical and social judgments and lacked the ability to anticipate the consequences of his actions, as demonstrated in his school history of low psychological test scores and in an expert psychological evaluation prepared pursuant to court order. The report also suggested that diminished capacity may be considered for a downward departure within section 5K2.13 of the United States Sentencing Guidelines.
 
 
 5
 At the sentencing hearing, Hoover's counsel argued for a downward departure based on diminished capacity and on Hoover's mitigating role in the offense. The district court granted a downward departure for Hoover's mitigating role, but denied a departure based on his diminished capacity.
 
 
 6
 In December, 1992, Smith entered and the court accepted his plea of guilty to two counts of the indictment, one of which was violation of Title 18, United States Code, Section 924(c), by use or possession of a firearm during a drug transaction. Prior to accepting the plea, the district court questioned Smith pursuant to Federal Rule of Criminal Procedure 11. With regard to the gun count, the court read the charges to Smith who stated that he understood them. The court described the elements of the offense, and Smith acknowledged that he understood them. The Court advised Smith of the mandatory consecutive five-year sentence for the gun charge, and Smith stated that he understood.
 
 
 7
 An agent of the Bureau of Alcohol, Tobacco and Firearms gave the factual basis for the gun count. He stated: "Our investigation would show through testimony of witnesses and discussion I had with Mr. Smith that he had in possession firearms that were used during drug-trafficking." Upon inquiry by the court, Smith stated that he agreed with the factual basis, and further stated that he did not disagree with any part of it.
 
 
 8
 The court then asked Smith whether on the date of the offense, in connection with a drug-trafficking crime, he had used, possessed or carried a firearm. Smith replied: "Yes, Sir." The court asked again: "Did you do that?" Smith replied: "Yes, Sir."
 
 
 9
 During his sentencing hearing in May, 1993, Smith interrupted the proceeding and told the court that he was concerned about "the guns." Smith's statements included: "I didn't have a gun"; "I wasn't holding the gun"; and "I didn't own the gun." The court asked Smith if he was moving to withdraw his guilty plea as to the gun count, and Smith replied that he was. Smith's counsel requested a moment to explain to Smith the meaning of "constructive possession" and "actual possession," which the court allowed. Smith continued to insist to the court that he had not possessed the gun. The court stated that it found no basis in Smith's statements upon which to allow withdrawal of the plea and proceeded to sentencing.
 
 
 10
 Hoover asserts three grounds for appeal, as follows: (1) The district court erred in denying his request for a downward departure due to diminished capacity; (2) The denial of a downward departure for diminished capacity and the manner in which sentence was imposed violated Hoover's due process rights under the United States Constitution; and (3) The district court erred in not stating its reasons for refusing Hoover's request for a downward departure based on diminished capacity. Smith asserts two grounds for appeal as follows: (1) The district court erred in denying his motion to withdraw his guilty plea as to the gun count; and (2) The district court erred in not holding an evidentiary hearing on Smith's motion to withdraw his plea. For reasons which follow, the Court finds no merit in Appellants' assignments of error and affirms the district court.
 
 
 11
 Denial of Request for Downward Departure and Failure to Give Reasons for Denial
 
 
 12
 In his first assignment of error, Hoover contends that the district court erred in denying his request for a downward departure based on diminished capacity, because the evidence in the Presentence Investigation Report, which was uncontradicted and was accepted by the court, supported Hoover's request. In his third assignment of error, Hoover contends that the district court erred in failing to give reasons for denying his request.
 
 
 13
 This Court has made clear that the denial of a request for downward departure is reviewable only when the district court misperceived its power. As we said in United States v. Underwood, 970 F.2d 1336 (4th Cir.1992):
 
 
 14
 [T]he only circumstance in which review is available is when the district court mistakenly believed that it lacked the authority to depart. Because that exception does not apply here, we may not review the district court's refusal to depart.
 
 
 15
 Id. at 1338 (relying on United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990)).
 
 
 16
 In this case the district court was not mistaken as to its power. It heard argument on the requested departure and after consideration decided to deny the request. Therefore, the district court's denial of Hoover's request for a downward departure based on diminished capacity is not reviewable, either on the basis that the denial was wrong, or on the basis that the denial was not explained.*
 
 Violation of Due Process Rights
 
 17
 Hoover contends that the district court violated his Fifth Amendment right to due process because it failed to depart downward based on diminished capacity in spite of uncontradicted and overwhelming evidence in support. Hoover relies on United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989), for his contention that his sentence and the sentencing procedure itself violated his due process right to have his sentence correctly determined in accordance with applicable law and based on reliable evidence. This issue raises a constitutional question, which this Court reviews de novo.
 
 
 18
 Urrego-Linares stands for the proposition that when a defendant seeks a reduced sentence due process requires that he "be afforded an opportunity ... to offer evidence in support of factors that may warrant a reduced sentence." 879 F.2d at 1239 (emphasis added).
 
 
 19
 The district court afforded Hoover an opportunity at his sentencing proceeding to offer evidence in support of his request for a downward departure. The district court based Hoover's sentence on his admission of guilt as well as on other relevant evidence in the record and the Presentence Investigation Report. This Court finds no violation of Hoover's due process rights.
 
 Denial of Motion to Withdraw Guilty Plea
 
 20
 Smith contends that, given his repeated claims of innocence at his sentencing proceeding, the district court erred in denying his motion to withdraw his guilty plea and erring in failing to hold an evidentiary hearing on his motion.
 
 
 21
 Rule 32(d) of the Federal Rules of Criminal Procedure allows the court to permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason." The determination of whether to grant a motion to withdraw a plea of guilty and whether to hold an evidentiary hearing on that motion is entrusted to the discretion of the district court. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 171 (1991). Therefore, this Court reviews the district court's denial of the motion and failure to hold an evidentiary hearing under an abuse of discretion standard.
 
 
 22
 In Moore this Court set forth several factors typically considered by courts in deciding whether a defendant has met his burden under Rule 32. Those factors include:
 
 
 23
 (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether the withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.
 
 
 24
 Id.
 
 
 25
 Consideration of these factors does not weigh in favor of Smith's motion. The government asserts that it would not be prejudiced by a withdrawal of Smith's plea, and there is no indication in the record that significant court resources would be wasted by allowing the withdrawal. However, Smith waited five months between his arraignment and his sentencing before seeking to withdraw his plea.
 
 
 26
 Smith offered no evidence that his plea was not knowing or voluntary. Smith did not claim that he did not have assistance of competent counsel in making his plea. Smith's assertion of innocence at the sentencing procedure was less than credible because he contradicted his own prior statements under oath without offering an explanation for the change in his version of events. A bald assertion of innocence does not rise to the level of a "fair and just reason" for withdrawal of a plea.
 
 
 27
 It follows that a defendant who fails to offer a fair and just reason for allowing withdrawal of his plea is not entitled to a hearing on whether the court should permit withdrawal. A defendant is not automatically entitled to an evidentiary hearing on a motion to withdraw a guilty plea. Moore, 931 F.2d at 248. The Court notes that the record does not clearly establish that Smith actually requested an evidentiary hearing. There can be no abuse of discretion in failing to grant a request that was never made.
 
 
 28
 The Court finds no abuse of discretion in the district court's denial of Smith's motion to withdraw his guilty plea as to the gun count, and no abuse of discretion in its failure to hold and evidentiary hearing on Smith's motion.
 
 The judgment, accordingly, is
 
 29
 AFFIRMED.
 
 
 
 *
 The Court notes that 18 U.S.C. Sec. 3553(c) which requires a court at the time of sentencing to state its reasons for imposing a sentence, does not require a court to state its reasons for denying requests for downward departures